UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

Kirk F. Wool,

      Petitioner,

      v.                              Civil Action No. 2:19-cv-65-cr-jmc

Lisa Menard, Commissioner,
Vermont Department of Corrections;
Michael Touchette, Commissioner,
Vermont Department of Corrections,

      Respondents.

## REPORT AND RECOMMENDATION
(Doc. 1)

Petitioner Kirk Wool, representing himself, has filed a Petition for a Writ of Habeas Corpus. (Doc. 1.) A review of the record indicates that Wool previously filed a habeas petition in this Court that was denied on procedural and substantive grounds on September 24, 1996. *See Wool v. Vt. Dep't of Corr.*, No. 1:94-cv-238-jgm-jjn (D. Vt. Sept. 24, 1996). Wool's appeal to the Second Circuit was dismissed on May 9, 1997. *Id.* (Doc. 50). On December 9, 2013, Wool filed a second habeas petition. *See Wool v. Vermont*, No. 1:13-cv-312-jgm-jmc (D. Vt. Jan. 9, 2014). On January 9, 2014, the Court adopted a Report and Recommendation transferring the matter to the Second Circuit under 28 U.S.C. § 2244(b) as a second or successive petition. *Id.* (Doc. 5). On September 4, 2014, the Second Circuit granted Wool's motion to dismiss without prejudice. *Id.* (Doc. 7). On September 24, 2015, Wool

filed a third habeas petition. *See Wool v. Pallito*, No. 5:15-cv-208-gwc-jmc (D. Vt. Dec. 3, 2015). On December 3, 2015, the Court adopted a Report and Recommendation transferring the matter to the Second Circuit under 28 U.S.C. § 2244(b) as a second or successive petition. *Id.* (Doc. 8). On March 23, 2016, the Second Circuit denied Wool's motion for leave to file a successive petition under 28 U.S.C. § 2254. *Id.* (Doc. 11).

Wool's current Petition states he filed suit in the "Washington Unit Civil Division seeking redress for the VT-DOC having designated [him] to 'max out' [his] 73 year maximum sentence." (Doc. 1 ¶ 1.) He alleges the facts forming the basis of the instant petition "have never been the subject of any prior Writ" because the issue was not exhausted at the state level until the Vermont Supreme Court issued its June 29, 2018 decision. (*Id.* ¶¶ 2, 4.)

"In December 2013, Wool filed a complaint for injunctive relief alleging that the Department [of Corrections] violated the Ex Post Facto Clause by classifying him as a Level C offender, thereby denying him access to the programming necessary to be eligible for furlough and parole." *Wool v. Pallito*, 2018 VT 63, ¶ 3, 193 A.3d 510, 512. The Vermont Supreme Court held Wool's claim that a statute and certain administrative policies enacted after his incarceration operated together to retroactively increase the length of his sentence, in violation of the Ex Post Facto Clause of the United States Constitution, failed because he did not "demonstrate that the practical implementation of the new directives created more

2

than a speculative or attenuated possibility of increasing [his] punishment." *Id.* ¶ 29.

In the present Petition, Wool again seeks to challenge, as violative of the Ex Post Facto Clause, the Department of Correction's "Level C Directive" that he alleges denies him the possibility of parole.[1] Wool states that because his "73 year maximum sentence has now become 73 years without the possibility of parole, this Writ should issue." (Doc. 1 at 3.)

Generally, petitions claiming improper execution of a sentence are properly brought under 28 U.S.C. § 2254. *James v. Walsh*, 308 F.3d 162, 167 (2d Cir. 2002). In his Petition, Wool does not cite § 2254, however he is an experienced litigator in this Court, and the Petition is construed as brought under § 2254. *See Harris v. Miller*, 818 F.3d 49, 56–57 (2d Cir. 2016) (per curiam) (noting a court is required to read a self-represented plaintiff's complaint liberally and to construe it to raise the strongest arguments it suggests).

Because Wool previously filed a § 2254 petition regarding the same conviction and sentence, and that petition was denied on the merits, his current petition may

---

[1] As the Vermont Supreme Court has noted, a Level C classification can affect an offender's programming and reentry options:

> Case planning for Level C offenders will generally focus on long term confinement. Due to the nature of their offenses, victim harm and high risk profile these offenders must demonstrate long term behavioral and psychological stability, commitment to change, and completion of significant treatment goals prior to any release consideration. In these cases, the burden of demonstrating these objectives lies with the offender, and the Department will use the maximum release date, less six months, as the reference for case planning purposes.

*Wool v. Pallito*, 2018 VT 63, ¶15, 193 A.3d 510, 515 (quoting Vermont Department of Corrections Directive 371.11 Level C Performance Expectations).

3

be a "second or successive" petition. *See Burton v. Stewart*, 549 U.S. 147, 153 (2007) (noting that petition was "second or successive" because it challenged "the same custody imposed by the same judgment of a state court" as the first petition); *see also* 28 U.S.C. § 2244(b). The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) strictly limits the conditions under which a "second or successive" petition may be granted. A claim in a second or successive petition that was not presented in a previous habeas corpus petition may only be granted if one of the following conditions applies:

> (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>
> (B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
>
> (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2244(b)(2). The AEDPA also sets "gatekeeping" procedural rules for the review of second or successive petitions. *Burton*, 549 U.S. at 149. Accordingly, a second or successive petition may only be filed with a district court if the petitioner has first been granted permission to do so by the relevant court of appeals. 28 U.S.C. § 2244(b)(3)(A), (B). To grant such permission, the court of appeals must determine that the petition contains claims that fall into one of the categories quoted above. 28 U.S.C. § 2244(b)(3)(C).

If a petitioner fails to obtain circuit approval prior to filing a second or successive petition, the district court is without jurisdiction to consider the petition and must dismiss it. *See Burton*, 549 U.S. at 153. The rule in this circuit, in the interest of judicial efficiency, is if a district court determines that a petition is second or successive, that court is to transfer the petition to the circuit court. *See Torres v. Senkowski*, 316 F.3d 147, 151 (2d Cir. 2003). It does not appear that Wool's Ex Post Facto claim relies on a new rule of constitutional law, made retroactive to cases on collateral review, that was previously unavailable, or that his current allegations involve facts that could not have been discovered through the exercise of due diligence. Nevertheless, out of an abundance of caution, I recommend that the Court find Wool's current § 2254 Petition to be second or successive under 28 U.S.C. § 2244(b), and TRANSFER the Petition to the United States Court of Appeals for the Second Circuit.

Dated at Burlington, in the District of Vermont, this 4th day of June 2019.

/s/ John M. Conroy
John M. Conroy
United States Magistrate Judge

Any party may object to this Report and Recommendation within 14 days after service thereof, by filing with the Clerk of the Court and serving on the Magistrate Judge and all parties, written objections which shall specifically identify those portions of the Report and Recommendation to which objection is made and the basis for such objections. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(d), 72(b)(2); L.R. 72(c). Failure to timely file such objections "operates as a waiver of any further judicial review of the magistrate's decision." *Small v. Sec'y of Health & Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989).